UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIERNEY O'NEAL and JUSTINE WILBER,<br><br>Plaintiffs,<br><br>-against-<br><br>WILDLIFE CONSERVATION SOCIETY, ATU MARSHALL, DENISE MCCLEAN, ZULMA RIVERA, and CRAIG PIPER,<br><br>Defendants. | Index No. 1:17-cv-06882-JGK<br><br>ANSWER |

Defendants WILDLIFE CONSERVATION SOCIETY, DENISE MCCLEAN, ZULMA RIVERA, and CRAIG PIPER ("Defendants"), by and through their attorneys, Littler Mendelson, P.C., for their answer to the Complaint and Jury Trial Demand ("Complaint") respond as follows:

## PRELIMINARY STATEMENT

1. Deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiffs purport to bring actions under the referenced Acts and seeks damages. Without limitation of the foregoing general denial, the Defendants specifically deny that Plaintiffs' allegations have any basis in fact or law and further deny that Plaintiffs are entitled to any relief.

2. Deny the allegations set forth in Paragraph 2 of the Complaint.

3. Deny the allegations set forth in Paragraph 3 of the Complaint.

4. Deny the allegations set forth in Paragraph 4 of the Complaint, except admit that the Plaintiff purports to bring actions under the referenced Acts and seeks damages. Without limitation of the foregoing general denial, the Defendants specifically deny that Plaintiff's allegations have any basis in fact or law or that Plaintiffs are entitled to any relief.

5. Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that the allegations of Paragraph 5 purport to invoke subject matter jurisdiction pursuant to the statutes cited.

6. Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 6 of the Complaint, except admit that the allegations of Paragraph 6 purport to invoke supplemental jurisdiction pursuant to the statutes cited.

7. Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 7 of the Complaint, except admit that the allegations of Paragraph 7 purport to assert venue in this district pursuant to the statute cited.

## THE PARTIES

8. Admit, upon information and belief, the allegations set forth in Paragraph 8 of the Complaint.

9. Admit, upon information and belief, the allegations set forth in Paragraph 9 of the Complaint.

10. Admit the allegations set forth in Paragraph 10 of the Complaint.

11. Admit the allegations set forth in Paragraph 11 of the Complaint.

12. Admit the allegations set forth in Paragraph 12 of the Complaint.

13. Deny the allegations set forth in Paragraph 13 of the Complaint.

14. Admit the allegations set forth in Paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

15. Deny the allegations set forth in Paragraph 15 of the Complaint except admit that Plaintiffs are employed as Wild Animal Keepers at the Prospect Park Zoo.

16. Admit the allegations set forth in Paragraph 16 of the Complaint.

17. Admit the allegations set forth in Paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint, except admit that Plaintiff Wilber did not report this alleged incident to management.

20. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint.

21. Deny the allegations set forth in Paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations the allegations set forth in Paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint, except admit that Plaintiff Wilber secretly and without permission used her own mobile phone to record the legs and groin area of an employee of Defendant Wildlife Conservation Society ("WCS") under a table.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, except aver that Plaintiff Wilber took video-recordings of an employee of WCS under a table.

26. Deny the allegations set forth in Paragraph 26 and each and every subpart of Paragraph 26 of the Complaint.

27. Deny the allegations set forth in Paragraph 27 of the Complaint except admit that Plaintiff Wilber reported her allegations and showed recordings to Defendant McLean, Ms. McCaskill and Ms. Greig on June 17, 2016.

28. Deny the allegations set forth in Paragraph 28 of the Complaint, except admit that these individuals promptly started an investigation into Plaintiff Wilber's complaint.

29. Deny knowledge or information sufficient to form a belief as truth or falsity of the allegations set forth in Paragraph 29 of the Complaint.

30. Deny the allegations set forth in Paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of the Complaint.

32. Deny the allegations set forth in Paragraph 32 of the Complaint, except admit that Defendant Marshall was not suspended from employment.

33. Deny the allegations set forth in Paragraph 33 of the Complaint, except admit that Defendant Rivera met with Defendant Marshal on June 21, 2016 and his union representative was present.

34. Deny the allegations of Paragraph 34 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning conversations Wilber had set forth in Paragraph 34 of the Complaint.

35. Deny the allegations of Paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of the Complaint.

37. Deny the allegations set forth in Paragraph 37 of the Complaint, except admit that on June 22, 2016 certain female zoo keepers met with management.

38. Admit the allegations set forth in Paragraph 38 of the Complaint.

39. Deny the allegations set forth in Paragraph 39 of the Complaint.

40. Deny the allegations set forth in Paragraph 40 of the Complaint.

41. Deny the allegations set forth in Paragraph 41 of the Complaint, except admit that management stated that they were still conducting their investigation into Defendant Marshall's alleged actions.

42. Deny the allegations set forth in Paragraph 42 of the Complaint, and aver that Defendant Marshall was instructed not to use his phone at work.

43. Deny the allegations set forth in Paragraph 43 of the Complaint and aver that Keepers were advised that the investigation was ongoing, and that all involved were to conduct themselves in a professional manner during the investigation.

44. Deny the allegations set forth in Paragraph 44 of the Complaint.

45. Deny the allegations set forth in Paragraph 45 of the Complaint.

46. Deny the allegations set forth in Paragraph 46 of the Complaint.

47. Deny the allegations set forth in Paragraph 47 of the Complaint.

48. Deny the allegations set forth in Paragraph 48 of the Complaint, except admit that Plaintiff O'Neal filed a report and complaint with the New York Police Department 78th Precinct.

49. Admit the allegations set forth in Paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint.

52. Deny the allegations set forth in Paragraph 52 of the Complaint as to the Plaintiffs.

53. Deny the allegations set forth in Paragraph 53 of the Complaint, except admit that Plaintiff Wilber met with Defendant McClean and Mr. McCaskill on July 22, 2016.

54. Deny the allegations set forth in Paragraph 54 of the Complaint.

55. Deny the allegations set forth in Paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 57 of the Complaint.

58. Deny the allegations set forth in Paragraph 58 of the Complaint.

### Retaliation Against Plaintiff Wilber

59. Deny the allegations set forth in Paragraph 59 of the Complaint.

60. Admit the allegations set forth in Paragraph 60 of the Complaint.

61. Admit the allegations set forth in Paragraph 61 of the Complaint.

62. Deny the allegations set forth in Paragraph 62 of the Complaint, except admit that Plaintiff Wilber told management that she had shown the videos to the keepers.

63. Deny the allegations set forth in Paragraph 63 of the Complaint, except admit that management issued Plaintiff Wilber a disciplinary letter for leaving a secondary holding door to an animal exhibit unlocked on July 16, 2016.

64. Deny the allegations set forth in Paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 65 of the Complaint.

66. Deny the allegations set forth in Paragraph 66 of the Complaint.

67. Deny the allegations set forth in Paragraph 67 of the Complaint.

68. Deny the allegations set forth in Paragraph 68 of the Complaint, and aver that Wilber had previously received a disciplinary notice for similar conduct.

69. Admit the allegations set forth in Paragraph 69 of the Complaint.

70. Admit the allegations set forth in Paragraph 70 of the Complaint.

71. Deny the allegations set forth in Paragraph 71 of the Complaint, except admit that Plaintiff was issued a warning for improperly feeding an animal before it was to be anesthetized for surgery.

72. Deny the allegations set forth in Paragraph 72 of the Complaint, except admit that the warning does not state who informed management of the mistake.

73. Deny the allegations set forth in Paragraph 73 of the Complaint.

74. Deny the allegations set forth in Paragraph 74 of the Complaint, and aver that a temporary change to Wilber's work schedule resulted in her working a weekends for a limited time.

### Retaliation Against Plaintiff O'Neal

75. Admit the allegations set forth in Paragraph 75 of the Complaint.

76. Deny the allegations set forth in Paragraph 76 of the Complaint.

77. Deny the allegations set forth in Paragraph 77 of the Complaint, except admit that on November 1, 2016, Plaintiff O'Neal – through her legal counsel – submitted a letter to Defendant WCS.

## Administrative Proceedings

78. Admit the allegations set forth in Paragraph 78 of the Complaint.

79. Admit the allegations set forth in Paragraph 79 of the Complaint.

80. Admit, upon information and belief, the allegations set forth in Paragraph 80 of the Complaint.

81. Admit the allegations set forth in Paragraph 81 of the Complaint.

82. Deny the allegations set forth in Paragraph 82 of the Complaint.

83. Deny knowledge or information the allegations set forth in Paragraph 83 of the Complaint.

84. Deny the allegations set forth in Paragraph 84 of the Complaint, and aver that Plaintiffs met with McClean to discuss their allegation that Defendant Marshall continued to use his phone at work.

85. Deny the allegations set forth in Paragraph 85 of the Complaint, except admit that Ms. McClean documented Plaintiffs' complaint and the resulting investigation.

86. Deny the allegations set forth in Paragraph 86 of the Complaint.

87. Deny the allegations set forth in Paragraph 87 of the Complaint.

## FIRST CLAIM FOR RELIEF

88. Repeat and reallege each and every response to all prior Paragraphs of the Complaint as if fully set forth herein.

89. Deny the allegations set forth in Paragraph 89 of the Complaint.

90. Deny the allegations set forth in Paragraph 90 of the Complaint.

91. Deny the allegations set forth in Paragraph 91 of the Complaint and in each and every subparagraph of Paragraph 91 of the Complaint.

92. Deny the allegations set forth in Paragraph 92 of the Complaint.

93. Deny the allegations set forth in Paragraph 93 of the Complaint.

94. Deny the allegations set forth in Paragraph 94 of the Complaint.

95. Deny the allegations set forth in Paragraph 95 of the Complaint.

## SECOND CLAIM FOR RELIEF

96. Repeat and reallege each and every response to all prior Paragraphs of the Complaint as if fully set forth herein.

97. Deny the allegations set forth in Paragraph 97 of the Complaint.

98. Deny the allegations set forth in Paragraph 98 of the Complaint.

99. Deny the allegations set forth in Paragraph 99 of the Complaint.

100. Deny the allegations set forth in Paragraph 100 of the Complaint.

## THIRD CLAIM FOR RELIEF

101. Repeat and reallege each and every response to all prior Paragraphs of the Complaint as if fully set forth herein.

102. Deny the allegations set forth in Paragraph 102 of the Complaint.

103. Deny the allegations set forth in Paragraph 103 of the Complaint.

104. Deny the allegations set forth in Paragraph 104 of the Complaint.

105. Deny the allegations set forth in Paragraph 105 of the Complaint.

106. Deny the allegations set forth in Paragraph 106 of the Complaint.

107. Deny the allegations set forth in Paragraph 107 of the Complaint.

## FOURTH CLAIM FOR RELIEF

108. Repeat and reallege each and every response to all prior Paragraphs of the Complaint as if fully set forth herein.

109. Deny the allegations set forth in Paragraph 109 of the Complaint.

110. Deny the allegations set forth in Paragraph 110 of the Complaint.

111. Deny the allegations set forth in Paragraph 111 of the Complaint.

112. Deny the allegations set forth in Paragraph 112 of the Complaint.

## FIFTH CLAIM FOR RELIEF

113. Repeat and reallege each and every response to all prior Paragraphs of the Complaint as if fully set forth herein.

114. Deny the allegations set forth in Paragraph 114 of the Complaint.

115. Deny the allegations set forth in Paragraph 115 of the Complaint.

116. Deny the allegations set forth in Paragraph 116 of the Complaint.

117. Deny the allegations set forth in Paragraph 117 of the Complaint.

118. Deny the allegations set forth in Paragraph 118 of the Complaint.

119. Deny the allegations set forth in Paragraph 119 of the Complaint.

## SIXTH CLAIM FOR RELIEF

120. Repeat and reallege each and every response to all prior Paragraphs of the Complaint as if fully set forth herein.

121. Deny the allegations set forth in Paragraph 121 of the Complaint.

122. Deny the allegations set forth in Paragraph 122 of the Complaint.

123. Deny the allegations set forth in Paragraph 123 of the Complaint.

124. Deny the allegations set forth in Paragraph 124 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief described in the "WHEREFORE" clause of the Complaint, including subparts A through H thereof, or to any other form of relief of any kind whatsoever.

## DEFENSES

Defendants assert the following defenses and/or affirmative defenses, without assuming any burden of proof it does not have as matter of law:

1. Plaintiffs have failed to state a claim upon which relief can be granted against some or all Defendants.

2. Plaintiffs have failed to state a claim upon which relief can be granted against Defendants McLean, Piper and Rivera.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, estoppel, laches, and/or unclean hands.

4. Plaintiff Wilber is estopped and barred by her own conduct from recovering any relief in this action.

5. All decisions made by Defendants with respect to Plaintiffs and all actions taken with respect to their employment were made without malice, ill will, fraud, oppression or any other improper motive.

6. Plaintiffs' claims are barred, in whole or in part, to the extent that they have failed to timely and/or properly exhaust all necessary administrative, procedural, statutory, and/or jurisdictional prerequisites for commencement of this action.

7. Plaintiffs' claims fail because there is no causal connection between the adverse action of which Plaintiffs complain and their alleged protected activities.

8. Plaintiffs' claims are barred because the employment actions about which they complain were based on legitimate, non-discriminatory factors, and alternatively, if they were not, then the same actions would have been taken regardless.

9. Plaintiffs' claims are barred, in whole or in part, as against Defendant Wildlife Conservation Society because it was not aware of the alleged discriminatory behavior and/or did not encourage, condone, ratify, acquiesce, or approve the alleged discrimination. To the extent that any employees engaged in any conduct that may be construed as having violated the law, any such actions were outside the scope of their employment, were contrary to policies and directives, and not done in the furtherance of business interests.

10. Plaintiffs' claims are barred, in whole or in part, because Defendant Wildlife Conservation Society established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and or harassing practices by employees.

11. Plaintiff's claims are barred, in whole or in part, because Defendant Wildlife Conservation Society exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, preventing the recurrence of the conduct or behavior alleged in the Complaint, and/or Plaintiffs unreasonably failed to take advantage of those preventative or corrective opportunities or otherwise avoid harm.

12. Defendant Wildlife Conservation Society established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices, including harassment, by employees and agents, including, but not limited to:

(a) a meaningful and responsive procedure for investigating complaints of discriminatory practices, including harassment, by employees and agents and for taking appropriate action against those persons who are found to have engaged in such practices;

(b) a firm policy against such practices which is effectively communicated to employees and agents;

(c) a program to educate employees and agents about unlawful discriminatory practices, including harassment, under local, state and federal law; and

(d) procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices.

13. There is no record of prior incidents of discriminatory/retaliatory conduct by some or all of the employee(s) that Plaintiffs allege discriminated/retaliated against them.

14. If Plaintiffs suffered any damages, such damages were proximately or legally caused by their misconduct and, accordingly, any award of damage must be reduced, in whole or in part.

15. Plaintiffs' claims fail to the extent that after-acquired evidence bars Plaintiffs' claims for relief.

16. To the extent Plaintiffs are seeking punitive damages, Defendants did not engage in any intentional wrongdoing, nor did they depart from any prescribed or known standard of action, nor did they engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for punitive damages.

17. The Complaint is barred, in whole or in part, by Plaintiffs' own conduct, contributory and/or comparative fault.

18. Plaintiffs' claims are barred to the extent that they consented to, encouraged, or voluntarily participated in any alleged actions taken.

19. The claims in the Complaint, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiffs' employment, including any

claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

20. Plaintiffs are not entitled to punitive damages or attorneys' fees with respect to their New York State Human Rights Law claims.

21. To the extent that Plaintiffs claim they suffered any emotional distress, there was no intent to inflict such emotional distress and such distress was not severe or outrageous.

22. Without conceding in any way the allegations of the Complaint, at all times relevant to the facts herein, Defendants have maintained and enforced policies prohibiting discrimination, have provided procedures through which employees can notify it of violations and/or perceived violations of these policies, have properly investigated all complaints of discrimination and have taken corrective action where appropriate, preventing any additional behavior or conduct as alleged in the Complaint.

23. Defendants are not liable for any actions taken by Atu Marshall as they did not condone or ratify his actions and took prompt and effective remedial action to correct his alleged conduct with it was brought to their attention.

24. Defendants reserve the right to assert additional affirmative defenses as established by the facts of this case.

**WHEREFORE,** Defendants request judgment against Plaintiffs with respect to their claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Date: January 29, 2018
New York, New York

[signature]

Stephen A. Fuchs
Ivie A. Guobadia
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

Attorneys for Defendants

Firmwide:152460984.2 071693.1031