UNITED STATES DISTRICT CORT
SOTHERN DISTRICT OF NEW YORK
_____X

TIERNEY O'NEAL and JUSTINE WILBER                    **ANSWER**

                              Plaintiffs,

     -against-                                        1:17-CV-06882-JGK

WILDLIFE CONSERVATION SOCIETY,
ATU MARSHALL, DENISE MCCLEAN,
ZULMA RIVERA and CRAIG PIPER.
                              Defendants.

_____X


Defendant, ATU MARSHALL, (hereinafter Defendant), by and through undersigned Counsel,

Conor McNamara, Esq. for its answer to the Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.  Deny the allegation set forth in paragraph 1 of the Complaint, except admit that the
    Plaintiffs purport to bring actions under the referenced Acts and seek damages. Without
    limitation of the foregoing general denial, Mr. Marshall specifically deny the Plaintiffs
    allegations have any basis in fact or law and further deny that Plaintiffs are entitled to any
    relief.

2.  Denies the allegations contained in Paragraph 2 of the Complaint.

3.  Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 3
    of the Complaint.

4.  Deny the allegation set forth in paragraph 4 of the Complaint, except admit that the
    Plaintiffs purport to bring actions under the referenced Acts and seek damages. Without
    limitation of the foregoing general denial, Mr. Marshall specifically deny the Plaintiffs
    allegations have any basis in fact or law and further deny that Plaintiffs are entitled to any
    relief.

## JURISDICTION AND VENUE

5.  Paragraph 5 of the Complaint set forth conclusions of law to which no response is required. If a response is required, Mr. Marshall denies the allegations set forth in Paragraph 5 of the Complaint, except admit that the allegations in Paragraph 5 purport to invoke subject matter jurisdiction to the statutes cited.

6.  Paragraph 6 of the Complaint set forth conclusions of law to which no response is required. If a response is required, Mr. Marshall denies the allegations set forth in Paragraph 6 of the Complaint, except admit that the allegations in Paragraph 6 purport to invoke subject matter jurisdiction to the statutes cited.

7.  Paragraph 6 of the Complaint set forth conclusions of law to which no response is required. If a response is required, Mr. Marshall denies the allegations set forth in Paragraph 7 of the Complaint, except admit that the allegations in Paragraph 7 purport to invoke subject matter jurisdiction to the statutes cited.


## THE PARTIES

8.  Admits upon Information and belief the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  Admits upon Information and belief the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Admits upon Information and belief the truth of the allegations contained in Paragraph 10 of the Complaint

11. Admits upon Information and belief the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Admits upon Information and belief the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Admits upon Information and belief the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Admits upon Information and belief the truth of the allegations contained in Paragraph 14 of the Complaint.

## **FACTUAL ALLEGATIONS**

15. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint.

16. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint.

17. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 and each and every subpart of Paragraph 26 of the Complaint.

27. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint.

28. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint.

29. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 29 of the Complaint.

30. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 30 of the Complaint.

31. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint.

32. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint.

33. Denied the allegation set forth in Paragraph 33 of the Complaint, except admit that Mr. Marshall met with Defendant Rivera on June 21, 2016 and his union representative.

34. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 34 of the Complaint.

35. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 35 of the Complaint.

36. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 36 of the Complaint.

37. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint.

38. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint.

39. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint.

40. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint.

41. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 41 of the Complaint.

42. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 42 of the Complaint.

43. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 46 of the Complaint.

47.  Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 47 of the Complaint.

48. Denies the allegation set forth in Paragraph 48 of the Complaint, except admit that Plaintiff O'Neal filed a report and Complaint with the New York Police Department 78th Precinct.

49. Admits upon information and belief the allegation set forth in Paragraph 49 of the Complaint.

50. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

52. Denies the allegation set forth in Paragraph 52 of the Complaint.

53. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 53 of the Complaint.

54. Denies the allegations contained in Paragraph 54 of the Complaint.

55. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 55 of the Complaint.

56. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 56 of the Complaint.

57. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 57 of the Complaint.

58. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 58 of the Complaint.

**Retaliation Against Plaintiff Wilber**

59. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 59 of the Complaint.

60. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 60 of the Complaint.

61. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 61 of the Complaint.

62. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint.

63. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint.

64. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 64 of the Complaint.

65. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 65 of the Complaint.

66. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 66 of the Complaint.

67. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 67 of the Complaint.

68. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 68 of the Complaint.

69. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 69 of the Complaint.

70. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 70 of the Complaint.

71. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 71 of the Complaint.

72. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 72 of the Complaint.

73. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 73 of the Complaint.

74. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 74 of the Complaint.

**Retaliation Against Plaintiff O'Neal**

75. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 75 of the Complaint.

76. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 76 of the Complaint.

77. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 77 of the Complaint.

**Administrative Proceedings**

78. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 78 of the Complaint.

79. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 79 of the Complaint.

80. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 80 of the Complaint.

81. Admits upon Information and belief the truth of the allegations contained in Paragraph 81 of the Complaint.

82. Denies the allegations contained in Paragraph 82 of the Complaint.

83. Denies the allegations contained in Paragraph 83 of the Complaint.

84. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 84 of the Complaint.

85. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 85 of the Complaint.

86. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 86 of the Complaint.

87. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 87 of the Complaint.

## FIRST CLAIM FOR RELIEF

88. Defendant repeats, re-alleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 87 of the Complaint, in response to Paragraph 88, as if fully set forth herein.

89. Denies the allegations contained in Paragraph 89 of the Complaint.

90. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 90 of the Complaint.

91. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 91 of the Complaint and in each and every subpart of Paragraph 91 of the Complaint.

92. Denies the allegations contained in Paragraph 92 of the Complaint

93. Denies the allegations contained in Paragraph 93 of the Complaint.

94. Denies the allegations contained in Paragraph 94 of the Complaint.

95. Denies the allegations contained in Paragraph 95 of the Complaint.

## SECOND CLAIM FOR RELIEF

96. Defendant repeats, re-alleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 95 of the Complaint, in response to Paragraph 96, as if fully set forth herein.

97. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 97 of the Complaint.

98. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 98 of the Complaint.

99. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 99 of the Complaint.

100. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 100 of the Complaint.

## THIRD CLAIM FOR RELIEF

101. Defendant repeats, re-alleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 100 of the Complaint, in response to Paragraph 101, as if fully set forth herein.

102. Denies the allegations contained in Paragraph 102 of the Complaint.

103. Denies the allegations contained in Paragraph 103 of the Complaint.

104. Denies the allegations contained in Paragraph 104 of the Complaint.

105. Denies the allegations contained in Paragraph 105 of the Complaint.

106. Denies the allegations contained in Paragraph 106 of the Complaint.

107. Denies the allegations contained in Paragraph 107 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

108.   Defendant repeats, re-alleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 107 of the Complaint, in response to Paragraph 108, as if fully set forth herein.

109.   Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 109 of the Complaint.

110.   Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 110 of the Complaint.

111.   Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 111 of the Complaint.

112.   Denies the allegations contained in Paragraph 112 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

113.   Defendant repeats, re-alleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 112 of the Complaint, in response to Paragraph 113, as if fully set forth herein.

114.   Denies the allegations contained in Paragraph 114 of the Complaint.

115.   Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 115 of the Complaint.

116.   Denies the allegations contained in Paragraph 116 of the Complaint.

117.   Denies the allegations contained in Paragraph 117 of the Complaint.

118.   Denies the allegations contained in Paragraph 118 of the Complaint.

119.   Denies the allegations contained in Paragraph 119 of the Complaint.

**SIXTH CLAIM FOR RELIEF**

120.   Defendant repeats, re-alleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 119 of the Complaint, in response to Paragraph 120, as if fully set forth herein.

121.   Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 121 of the Complaint.

122. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 122 of the Complaint.

123. Denies having knowledge sufficient to form a belief as to the allegations in Paragraph 123 of the Complaint.

124. Denies the allegations contained in Paragraph 124 of the Complaint.

## PRAYER FOR RELIEF

125. THE "WHEREFORE" Paragraphs which immediately follow Paragraph 124 of the Complaint state a demand for relief to which no responsive pleading is required but, should a response be required, Mr. Marshall denies that the Plaintiffs are entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

126. The Complaint fails to state a cause of action upon which relief can be granted against Defendant Marshall.

## SECOND AFFIRMATIVE DEFNESE

127. The Plaintiff's lack standing to bring these causes of action

## THIRD AFFIRMATIVE DEFENSE

128. The Plaintiffs' claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFNESE

129. The Complaint is barred, in whole or in part, by Plaintiffs' own conduct, contributory, and/or comparative fault.

130. The Answering Mr. Marshall, not being fully advised as to all the facts and circumstances surrounding the alleged incident(s) and/or event(s) complained of, hereby asserts and reserves unto itself all other appropriate defenses that cannot be known because of the lacking information.

WHEREFORE, Defendant ATU MARSHALL respectfully requests Judgment in his favor with respect to dismissing with prejudice the Complaint in its entirety, Mr. Marshall compensatory damages together with reasonable attorney's fees, costs and disbursements of this action and granting such other relief as this Honorable Court may deem just an proper.

Date: January 29, 2018

New York, New York

      /s/Conor McNamara
CONOR MCNAMARA, ESQ.
Lebedin Kofman LLP
Attorneys for the Defendant
26 Broadway, Suite 2100
New York, New York 10004
Tel 212 500 3273